FISHER & PHILLIPS LLP
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
3800 Howard Hughes Parkway
Suite 950
Las Vegas, NV  89169
Telephone:  (702) 252-3131
Facsimile:  (702) 252-7411
E-Mail Address:  smahoney@laborlawyers.com
agolden@laborlawyers.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TECLE WOLDEMARIAM, an individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>FRIAS MANAGEMENT, LLC, a Nevada corporation dba FRIAS TRANSPORTATION MANAGEMENT; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>                              Defendants. | Case No.: 2:13-cv-00628-GMN-CWH<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment (docket #32), to which Plaintiff filed an opposition (docket #35) and Defendant replied (docket #36). After considering these materials, and the arguments of counsel made on August 19, 2014, the Court finds there are no genuine disputes of material fact and that Defendant is entitled to judgment as a matter of law on all claims asserted by Plaintiff.

Plaintiff's first claim is brought under Title VII for disparate treatment based on Plaintiff's race (African-American) and national origin (Eritrean).  The Court finds that Plaintiff has not established a *prima facie* case of discrimination based on these factors.

- 1 -

FPDOCS 30096833.1

1   While Plaintiff claims other supervisors outside his protected classes were not fired for
2   committing the same infraction for which he was terminated, Plaintiff offers only self-
3   serving, conclusory statements, as opposed to specific facts, that he was treated
4   differently than similarly-situated employees.

5   Even if Plaintiff could have established a *prima facie* case of discrimination,
6   Defendant has offered a legitimate, non-discriminatory reason for the termination – that
7   Plaintiff was terminated for insubordination when he left work after being told not to do
8   so until all the cabs for which he was responsible had left Defendant's premises. The
9   undisputed evidence establishes that this is a serious rule infraction, and Plaintiff cannot
10  establish that this articulated reason was merely a pretext for discrimination. The Court
11  notes a sizeable portion of Defendant's workforce is Eritrean and that Defendant's
12  willingness to reemploy him in a Security Guard position even after his termination as a
13  supervisor is not suggestive of illegal discrimination.

14  Plaintiff's second claim for relief is for retaliation under Title VII. To state such
15  a claim, there must be a nexus between engaging in an activity protected by Title VII
16  and a material adverse action. *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir.
17  2007). While Plaintiff complained about various matters during his employment
18  (including so-called "corruption"), the undisputed fact is that Plaintiff never
19  complained about race or national origin discrimination either prior to his termination
20  as a supervisor in January 2011, or during his brief period of reemployment as a
21  Security Guard. Plaintiff, therefore, cannot establish that he engaged in any activity
22  protected by Title VII prior to suffering any adverse employment action.[1]

23  Plaintiff's third claim for relief is brought under Nevada state law for retaliatory
24  discharge in violation of public policy, with Plaintiff contending that he was terminated
25  for complaining about and reporting alleged corruption at Frias. Since the undisputed
26  facts establish that Plaintiff complained about such matters only to supervisors within

27
28  [1] Even if Plaintiff had been terminated for reporting the alleged "corruption" (and the Court makes no such finding), this reason for termination would not violate Title VII.

FISHER & PHILLIPS LLP
3800 Howard Hughes Parkway, Suite 950
Las Vegas, Nevada 89169

FPDOCS 30096833.1

the company and not to any appropriate outside agencies, Plaintiff's complaints were private and proprietary in nature, and insufficient to set forth a claim for relief under Nevada law. *Wiltsie v. Baby Grand Corporation*, 105 Nev. 291, 293, 774 P.2d 432, 433 (1989). In opposing summary judgment, Plaintiff contended making a complaint to the Taxicab Authority would have been futile because they are essentially in bed with the industry. The Nevada Supreme Court has not recognized a futility exception to the requirement of making a report to an outside agency, and even if Plaintiff had established the futility of making such a report (which he did not), there were other potential agencies to which such a complaint or report could have been made.

In connection with various claims, Plaintiff alleges he was constructively discharged from his Security Guard position because Plaintiff was promised his time in this position would only be of short duration, and he could not meet the walking requirements of the job because of an alleged disability. Aside from Plaintiff's claims failing for the reasons set forth above, the Court finds that Plaintiff does not meet the burden that the law requires for an employee to state a constructive discharge claim. *Poland*, 494 F.3d at 1184; *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000). The Court notes that Plaintiff failed to establish that Defendant had any significant knowledge of his alleged disability, and that at no time before quitting, did Plaintiff ever seek an accommodation or other relief from any walking requirements.

Finally, Plaintiff has asserted a claim for declaratory relief. The Court regards this claim as being derivative of the prior claims, and summary judgment should also be granted on this claim.

Based on the foregoing, Defendant's Motion for Summary Judgment is granted, and the Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED: 08/28/2014**

- 3 -